IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL W. STOVALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **5:11-cv-03706-AKK** |
| **THOMAS VILSAK, Secretary,** | ) | |
| **Department of Agriculture,** | ) | |
| **United States of America,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Stovall brings this action for damages against United States Department of Agriculture Secretary Thomas Vilsak pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. Doc. 1; *see also* doc. 9. Defendant seeks dismissal of the complaint for failure to state a claim upon which relief can be granted, doc. 12, and the motion is fully briefed and ripe for resolution, docs. 14 and 15. For the reasons stated below, the court **GRANT**S Defendant's motion.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to

1

relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a

right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

In 1994, Plaintiff applied for a farm ownership loan with the Giles County, Tennessee Farmers Home Administration office but was denied for "lack of farming experience and noninvolvement in the financial and the loan [sic]." Doc. 1-1 at 1-2. Following this denial, Plaintiff applied for a low interest rate operating loan in 1995 but was again denied. *Id.* On January 4, 1996, Plaintiff sought administrative relief with the United States Department of Agriculture ("USDA"), alleging racial discrimination. *See id.* Ultimately, Plaintiff settled his administrative claims with the USDA in 1998 through a Resolution Agreement stating that "[i]f the terms of this agreement are not carried out. . ., Mr.Stovall may request specific enforcement of the terms or reinstatement of his complaints by writing to the Director." Doc. 1 at 2-3 ¶ 6.

Soon after, Plaintiff alleged that the USDA violated the Resolution

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

Agreement and instituted breach of contract litigation in the United States Court of Federal Claims and simultaneously attempted to raise the issue of reinstatement of claims under the Resolution Agreement with the USDA. *Id*. at 3 ¶ 7. The USDA, however, asserted that reinstatement was premature until the Federal Claims Court reached a decision. *Id*. Eventually, the Court entered a judgment against the USDA in the amount of $250,000.00, which was fully paid to Plaintiff, and Plaintiff against sought reinstatement of his discrimination claims with the USDA. *Id*. at ¶ 8.

After Plaintiff attempted to reinstate his claims, Mr. Joe Leonard, a USDA representative, notified Plaintiff that he had waived his right to reinstatement by falling outside the thirty day limitations period specified in the Resolution Agreement. *Id*. at 4 ¶12. Plaintiff asserts instead that his previous attempts to reinstate while simultaneously filing an action with the Federal Claims Court are sufficient to satisfy the limitations period. *Id*. Although the USDA appeared to still dispute Plaintiff's ability to reinstate his claims, Plaintiff filed an action against Ann Veneman, as Secretary of the USDA, and other USDA employees in United States District Court for the District of Columbia, alleging violations of the ECOA and Fourteenth Amendment. *See* Case No.: 1:04-cv-00319-RMC. Plaintiff also filed this action as an "appeal[] [of] the denial of Damages in Dr. Joe

4

Leonard's June 18, 2011 letter." *Id*. at 6 ¶ 15.

### III. ANALYSIS

The court has construed Plaintiff's complaint to allege violations of the ECOA based on racial discrimination. Doc. 11. Defendant asserts, however, that the complaint still fails to state a cognizable claim because (1) the claim is barred under the doctrine of *res judicata*; (2) the claim is barred by the statute of limitations; and (3) Plaintiff waived his right to raise a claim in the parties' Resolution Agreement. *See* doc. 12. Because Plaintiff's claim is barred by the doctrine of *res judicata* and the applicable statute of limitations, discussed below, the court will not address the issue of waiver.

**A.    The Doctrine of Res Judiciata**

Defendant asserts first that Plaintiff's claim under the ECOA is barred by the doctrine of *res judicata*, or claim preclusion, because Plaintiff previously litigated it before the District Court for the District of Columbia. This doctrine "'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Jang v. United Techs. Corp.,* 206 F.3d 1147, 1149 (11th Cir. 2000) (quoting *Israel*

*Disc. Bank, Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir. 1992)). This bar pertains not only to the claims raised in the prior action, *see id.,* but also to claims that could have been raised previously. *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1271 (11th Cir. 2002). In determining whether the prior and present causes of action are the same, the court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1297 (11th Cir. 2001) (quotation omitted), *cert. denied, TDY Indus., Inc. v. Kaiser Aerospace & Elec. Corp.,* 534 U.S. 827, 122 S. Ct. 66, 151 L. Ed. 2d 33 (2001).

With respect to the first step in the *res judicata* analysis, the District Court for the District of Columbia properly exercised federal question jurisdiction over Plaintiff's prior action pursuant to 28 U.S.C. § 1331, because the claim was asserted under the ECOA and the Fourteenth Amendment. Doc. 12-1. Next, the Court dismissed Plaintiff's ECOA claims as time-barred under the two-year limitations period, doc.12-3 at 6-7, which is considered a final judgment on the merits in satisfaction of step two. *See O'Berry v. State Attorneys Office*, 241 Fed. App'x. 654, 659 (11th Cir. 2007). The third step is easily satisfied, since Plaintiff filed the prior action against the then Secretary of the USDA and brings this action, again, against the Secretary of the USDA. *See* doc. 1; doc. 12-1. Finally,

step four is likewise met because both actions arise "out of the same nucleus of operative facts," *see In re Piper Aircraft Corp.,* 244 F.3d at 1297, – namely, Plaintiff's inability to secure a loan through the USDA because of purported racial discrimination and damages he allegedly suffered as a result of this lost opportunity. *See id.* The doctrine of *res judicata*, therefore, bars Plaintiff's current ECOA claim and his complaint is due to be dismissed.

**B.     The ECOA Statute of Limitations**

Defendant asserts next that, even if the claim was not barred by the doctrine of *res judicata*, the ECOA's two year statute of limitations bars Plaintiff's action.[2] Doc. 12 at 11. Plaintiff does not dispute that the ECOA's limitations period would ordinarily bar his claims, but instead raises what appears to be a tolling argument. *See generally* doc. 14. The ECOA states that "[n]o such action shall be brought later than 2 years after the date of the occurrence of the violation[.]" 15 U.S.C. § 1691e(f) (1991). The statute allows for parties to assert claims outside the limitations period only in situations clearly inapplicable to Plaintiff's claim – when an agency with administrative enforcement power under § 1691 or the Attorney General commences an enforcement proceeding within 5 years. *Id*. Moreover, "[federal limitations] periods are customarily subject to equitable

---

[2] Although the ECOA's limitations period has been extended to five years, Plaintiff's complaint is based on conduct that occurred between 1994 and 1996, when the limitations period was still two years. *See* 15 U.S.C. § 1691e(f) (1991), amended July 21, 2010.

tolling unless tolling would be inconsistent with statutory text." *Young v. U.S.*, 535 U.S. 43, 44 (2002).  Assuming equitable tolling applies here, Plaintiff has failed to demonstrate that he is entitled to such relief and his claims, therefore, are barred.

Plaintiff asserts that his only remedy for the USDA's alleged discrimination was a breach of contract claim that could initially be handled only by the Court of Federal Claims.  Doc. 14 at 9.  Therefore, Plaintiff asserts that the court should toll the limitations period for the time during which Plaintiff's claim was pending before that court.  Equitable tolling, however, "is an extraordinary remedy which is typically applied sparingly" in circumstances "beyond [the plaintiff's] control and unavoidable even with diligence."  Plaintiff's assertion that he could not file suit against the USDA within the applicable limitations period because of a jurisdictional issue is without merit because Plaintiff did, in fact, file such a suit in the District Court for the District of Columbia – which found that Plaintiff's claims were time barred after Plaintiff failed to assert a tolling defense.  Moreover, the jurisdictional issue mentioned by Plaintiff only existed with respect to a breach of contract claim.  Plaintiff was still free to assert a constitutional or ECOA claim prior to expiration of the limitations period.  The court, therefore, finds that the necessary extraordinary circumstances warranting tolling do not exist in this instance and Plaintiff's ECOA claim is barred by the statute of limitations.

## IV. CONCLUSION

For Plaintiff's failure to state a claim upon which relief can be granted,

Defendants' motion to dismiss is **GRANTED**.

**DONE** this 6th day of November, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE